JACKSON, *ex dem.* PRINDLE and PRINDLE, *against* STILES, LYTLE, tenant.

The lessor in ejectment is not bound, of course, to enter into special consent rule, but only on application to the court.

Form of a special consent rule by tenant in common, and of rule for leave to enter into it.

THE defendant made an affidavit thus: " That no actual ouster of the lessors of the above plaintiff, or either of them, has been committed by this deponent; and that he, this deponent, is advised by his counsel, and verily believes truly, that this ejectment may involve a question between tenants in common;" and his attorneys, instead of the common consent rule, drew up a special one, which after proceeding in the usual form to the words, " plead thereto not guilty," ran thus: " And upon the trial of the issue confess lease and entry, and also ouster of the nominal plaintiff, in case an actual ouster of the plaintiff's lessors, by the defendant, shall be proved at the trial, but not otherwise, and insist upon the title and such actual ouster only; otherwise let judgment be entered for the plaintiff against the now defendant John Stiles, by default; and if upon the trial of the said issue, the said David (the tenant,) shall not confess lease and entry, and also ouster upon the condition aforesaid, whereby the plaintiff shall not be able further to prosecute his bill against the said David, then no costs shall be allowed for not further prosecuting the same, but the said David shall pay costs to the said plaintiff in that case to be taxed. And it is further ordered, that if upon the trial of the said issue a verdict shall be given for the said David, or it shall happen that the plaintiff shall not further prosecute his said bill, for any other cause than for not confessing lease and entry and also ouster subject to the condition aforesaid, then," &c.

The defendant's attorney signed this special consent rule with a duplicate, and tendered it to the plaintiff's attorney, requesting him to join, at the same time delivering to him a copy of the above affidavit, and showing to him the original. The plaintiff's attorney refused to join in the rule.

*Willard*, now moved for leave to enter into a special consent rule as above drawn. He cited Adams on Ejectment, 236; *Jackson* v. *Denniston*, (4 John. Rep. 312) *Langendyck et ux.* v. *Burhans*, (11 John. 461,) 2 Archbold, 47. He said the lessors of the plaintiff ought also to pay the costs of this motion for not accepting the tenant's offer in the first instance.

*S. Stevens*, contra, cited *Oates* v. *Brydon*, (3 Burr. 1897,) *Jackson* v. *Lyons*, (18 John. 398,) and 7 Modern Rep. 39, per Holt, Ch. J.

*Curia.* If the plaintiff was bound to accept the special consent rule, he doubtless ought to pay costs. But we think he was not bound to do this. Entering into a special consent rule is not a matter of course, but should be on a special application to the Court; especially where the affidavit is so general and loose as the one which was served upon the plaintiff's attorney. We grant the application, without costs.

The following rule was entered :

" On, &c. ORDERED, that David L. Lytle, the tenant in possession of the premises in the declaration of ejectment mentioned, have leave to enter into a special consent rule, requiring him to confess *lease* and *entry* at the trial, but not *ouster* also, unless an *actual ouster* of the plaintiff's lessors, or one of them, by the said David, shall be proved."